UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| COREY RECHTORIS, individually and on behalf of similarly situated persons, </br></br>   Plaintiff, </br></br> v. </br></br> DOUGH MANAGEMENT, INC. d/b/a "Domino's Pizza," et al., </br></br>   Defendants | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) CASE NO. 3:18-CV-708-PPS-MGG |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

### I.     INTRODUCTION

Defendants' motion to dismiss relies on an erroneous, and unsupported, interpretation of law. Defendants attempt to count *all* tips received by Plaintiff toward their minimum wage obligations. But, federal courts around the nation consistently reject such efforts, including multiple decisions issued in identical claims against other pizza delivery companies. To date, *every* court to decide this issue has held that all tips above the amount of a lawfully-invoked and noticed tip credit do not count toward minimum net wage rate, do not count toward minimum wage compliance, and cannot offset minimum wage violations. Defendants' motion should swiftly be denied.

### II.     STATEMENT OF FACTS / RELEVANT PLEADING

1. Defendants operate a chain of Domino's Pizza stores. *See e.g.*, Docs. 14-4 – 14-5 (corroborating, Doc. 1, ¶ 3 that Plaintiff and Potential Plaintiffs were employed at Defendants' Domino's Pizza stores).

2. Defendants state that they hired Plaintiff in 2018. Doc. 14-4, at 1, ¶ 3; Doc. 14-5, at 2, ¶ 9.

3. Defendants state that they have paid Plaintiff cash wages of $7.00 per hour in 2018. Doc. 14-4, at 1, ¶ 5.

4. Defendants state that they notified Plaintiff that his hourly cash wage rate would be $7.00 per hour when he was hired in 2018. Doc. 14-5, at 2, ¶ 10.

5. Defendants state that their General Manager informed Plaintiff that Defendants' "Policy was to ensure that its delivery drivers received $7.25 per hour, and the company would pay them the difference for any minimum wage shortfall." *Id.*, ¶ 11.

6. Plaintiff alleges that he has performed an average of <u>at least 3</u> deliveries per hour during his employment with Defendants. Doc. 1, ¶ 27.

7. Plaintiff alleges that he has driven an average of 4 to 6 miles per delivery. *Id.*, ¶ 25.

8. Plaintiff alleges that the IRS business mileage reimbursement rate reasonably approximates his vehicle costs. *Id.*, ¶ 26.

9. Plaintiff alleges that Defendants have reimbursed him $1.25 per delivery to cover his vehicle costs incurred in performing his job as a delivery driver. *Id.*, ¶ 25.

### III.   ARGUMENT

**A.   Standard on a Motion to Dismiss**

On a motion to dismiss, a complaint is viewed in the light most favorable to the plaintiffs, the factual allegations are accepted as true, and all reasonable inferences are drawn in favor of the plaintiffs. *Archer v. Chisholm,* 870 F.3d 603, 612 (7th Cir. 2017). To survive the motion, the plaintiffs "must plead 'enough factual matter' that, when taken as true, 'state[s] a claim to relief that is plausible on its face.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007). Plausibility requires showing more than the possibility of relief but less than probable entitlement to relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

**B.      Applicable Substantive Law**

The general rule is that tips are the property of the recipient (*i.e.*, the employee) and not the employer. *Williams v. Jacksonville Terminal Co.,* 315 U.S. 386, 397 (1942) ("In businesses where tipping is customary, the tips, in the absence of an explicit contrary understanding, belong to the recipient"); *see also* 29 C.F.R. § 531.52 ("Tips are the property of the employee whether or not the employer has taken a tip credit under [29 U.S.C. § 203(m)].").

The FLSA contains an exception to the minimum wage requirement that permits employers to pay a cash wage that is less than the minimum wage to a "tipped employee," so long as the employee's tips make up the difference between the (sub-minimum) cash wage and the minimum wage. 29 U.S.C. § 203(m); *see e.g., Davis v. B&S, Inc.,* 38 F.Supp.2d 707, 711-12 (N.D. Ind. Nov. 1998).  This employer discount is known as a "tip credit." *Davis,* 38 F.Supp.2d at 711.

A tip credit entails various conditions. Applicable here, a tip credit "shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection, and all tips received by such employee have been retained by the employee." 29 U.S.C. § 203(m). "This notice provision is strictly construed and normally requires that an employer take affirmative steps to inform affected employees of the employer's intent to claim the tip credit." *Perez v. Lorraine Enterprises, Inc.*, 769 F.3d 23, 27 (1st Cir. 2014); *see also, e.g., Solis v. Aguilar,* 2009 U.S. Dist. LEXIS 87021, *25 (M.D. Tenn. Sept. 18, 2009) (stating: "Where an employer does not strictly observe the tip credit provisions of the Act, no tip credit may be claimed and the employees are entitled to receive the full cash *minimum wage*, in addition to retaining tips they may\should have received.").

The DOL's regulations further prohibit an employer from claiming a tip credit "unless it has informed employees in advance of … *the additional amount by which the wages of the tipped*

3

*employee are increased on account of the tip credit claimed by the employer*, which amount may not exceed the value of the tips actually received by the employee …" 29 C.F.R. § 531.59(b) (emphasis added); *see also, e.g., Black v. P.F. Chang's China Bistro, Inc.,* 2017 U.S. Dist. LEXIS 73322, *16 (N.D. Ill. May 15, 2017) (following 29 C.F.R. § 531.59(b)).

Another applicable DOL regulation, 29 C.F.R. § 516.28(a)(3), requires:

(a) With respect to each tipped employee whose wages are determined pursuant to section 3(m) of the Act, the employer shall maintain and preserve payroll or other records containing all the information and data required in § 516.2(a) and, in addition, the following:

\*\*\*

(3) Amount by which the wages of each tipped employee have been deemed to be increased by tips as determined by the employer (not in excess of the difference between $ 2.13 and the applicable minimum wage specified in section 6(a)(1) of the Act). *The amount per hour which the employer takes as a tip credit shall be reported to the employee in writing each time it is changed from the amount per hour taken in the preceding week.*

*Id.* (emphasis added).

Further, courts around the nation hold that an employer cannot retroactively claim a larger tip credit than timely noticed to employees. *See, e.g., U.S. Dept. of Labor v. Cole Enters., Inc.*, 62 F.3d 775, 780 (6th Cir. 1995) (rejecting the employer's argument that it took the maximum tip credit permitted by law where "[t]he evidence … supports the district court's finding that the Defendants failed to make the employees aware of the existence of the tip credit or its amount, as required by 29 U.S.C. § 203(m) and 29 C.F.R. § 516.28(a)(3)."); *Sullivan v. PJ United, Inc.,* 2018 U.S. Dist. LEXIS 143246, *67 (N.D. Ala. Jul. 19, 2018) ("Employers cannot be allowed to retroactively increase or decrease the tip credit amount that counts towards their minimum wage compliance."); *McFarlin v. Word Enters., LLC,* 2018 U.S. Dist. LEXIS 46212, *6-13 (E.D. Mich. Mar. 21, 2018) ("Defendants cannot retroactively claim a higher tip credit taking *Cole* and the statutory provisions together."); *Perrin v. Papa John's Int'l., Inc.,* 114 F. Supp. 3d 707, 729-30 (E.D. Mo. 2015) ("Nothing in the DOL guidance documents, regulations, or the FLSA permits

4

Defendants to claim a higher tip credit retroactively, in order to gain the benefit of an offset, without having notified Plaintiffs of the higher tip credit (and the correspondingly higher rate of pay for overtime purposes). *Perrin* held that "[*b*]*ecause it is undisputed that Defendants did not notify Plaintiffs in advance that they were taking the maximum tip credit, the Court finds that Defendants are prohibited from taking the maximum tip credit as a matter of law.*") (emphasis added); *see also, e.g., Reich v. Chez Robert*, 28 F.3d 401, 404 (3d Cir. 1994) (stating: "When the employer has not notified employees that their wages are being reduced pursuant to the Act's tip-credit provision, the district court may not equitably reduce liability for back wages to account for tips actually received").

Defendants' attempt to claim the benefit of *all* tips toward net wages has been uniformly rejected in minimum wage claims, including rejection in every similar claim by pizza delivery drivers alleging minimum wage violations resulting from under-reimbursed vehicle costs. One of the more comprehensive explanations is set forth in *Perrin,* 114 F. Supp. 3d at 727-29. There, the employer, Papa John's International, argued that DOL guidance permitted it to claim a tip credit *greater* than the difference between its delivery drivers' cash wages and the applicable minimum wage to offset alleged unreimbursed vehicle expenses. *Perrin* granted summary judgment on this issue *for the plaintiffs* because it was undisputed that Papa John's International never notified its delivery drivers that it would take a tip credit larger than the difference between the drivers' cash wage and the applicable minimum wage rate. *Id. Perrin* concluded:

> Although the Plaintiffs do not raise overtime claims in this litigation, the Court agrees with Plaintiffs that the relationship among the FLSA's tip credit, minimum wage, and overtime provisions highlights the importance of the FLSA's tip credit notice requirements. By limiting their tip credit to the difference between Plaintiffs' cash wage and the applicable minimum wage, and so notifying Plaintiffs, Defendants were permitted to similarly limit Plaintiffs' regular rate of pay for overtime purposes to minimum wage. Had Defendants taken a higher tip credit to offset against potential unreimbursed expenses, as they claim the DOL guidance

5

>documents allow, this would have increased Plaintiffs' regular rate of pay and, correspondingly, increased the amount Defendants owed Plaintiffs for overtime. Nothing in the DOL guidance documents, regulations, or the FLSA permits Defendants to claim a higher tip credit retroactively, in order to gain the benefit of an offset, without having notified Plaintiffs of the higher tip credit (and the correspondingly higher rate of pay for overtime purposes). ***Because it is undisputed that Defendants did not notify Plaintiffs in advance that they were taking the maximum tip credit, the Court finds that Defendants are prohibited from taking the maximum tip credit as a matter of law***.

114 F. Supp. 3d at 729 (emphasis added).

Recently, *McFarlin* likewise granted summary judgment *for the plaintiffs* in the same claim advanced here by pizza delivery drivers alleging minimum wage violations based on under-reimbursed vehicle costs.  *Id.,* 2018 U.S. Dist. LEXIS 46212, at *6-13.  *McFarlin* recognized that employers cannot claim the benefit of tips beyond the amount of a validly invoked and noticed tip credit for multiple reasons.  *Id.*  That court explained:

>Here, Defendants cannot retroactively claim a higher tip credit taking *Cole* and the statutory provisions together. *Cole* stated that an employer must inform the employee of the tip credit amount and not just that the employer is taking a tip credit. 29 C.F.R. § 516.28(a)(3) also states that an employer must inform an employee of the amount of the tip credit if it changes. Therefore, adequately informing an employee of the tip credit requires an employer to give notice of its intent to take a tip credit and the tip credit amount. In this case, Defendants did not give their delivery drivers notice of their intent to take the maximum amount of tip credit. Defendants only gave notice of their intent to take just enough tip credit to get their drivers to the minimum wage. Therefore, Defendants did not give adequate notice of the tip credit and cannot claim the maximum amount.

2018 U.S. Dist. LEXIS 46212, at *6-7.  *McFarlin* also approved of, and adopted, *Perrin's* logic:

>*Perrin* is similar to the present case. Here, Defendants wish to claim a higher tip credit than they stated they would take in their notice to their employees. Under *Perrin*, the Defendants are not able to claim a higher tip credit because their original notice did not claim this higher tip credit. This is even if Defendants are generally allowed to claim a higher tip credit to cover vehicle expenses because they paid a higher cash wage. The *Perrin* court made clear that adequate notice is essential to an employer's ability to claim the tip credit in its desired amount. And adequate notice includes the amount of the tip credit that an employer wishes to take.

2018 U.S. Dist. LEXIS 46212, *8-9 & 13.

*Meetz*, which was recently decided within this Circuit, is another claim by pizza delivery drivers alleging minimum wage violations resulting from under-reimbursed vehicle costs. 2017 U.S. Dist. LEXIS 138380, at *1. Like *Perrin* and *McFarlin, Meetz* holds that employers cannot count tips received in addition to the amount of a lawful tip credit. 2017 U.S. Dist. LEXIS 138380, at *14-15. *Meetz* explained:

> Defendants likewise cannot defeat conditional certification by relying on drivers' tips in excess of the $2 tip credit to offset any deficiencies in the payment of the federal minimum wage to the drivers resulting from Defendants' failure to reasonably approximate the vehicle use reimbursement. Under the FLSA, an employer does not meet the minimum wage requirement if "the employee 'kicks-back' directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee." 29 C.F.R. § 531.35. Although an employer may use a tip credit to count an employee's tips toward the employer's minimum wage obligations, the employee must receive advance notice of the tip credit. See 29 U.S.C. § 203(m); 29 C.F.R. § 531.59(b); see also *Perrin v. Papa John's Int'l., Inc.,* 14 F.Supp.3d 707, 727 (E.D. Mo. 2015) ("Defendants may not claim a tip credit in an amount greater than the difference between Plaintiffs' cash wage and minimum wage because they failed to notify Plaintiffs in advance that they were doing so."). Accordingly, Defendants may not rely on Meetz's tips in excess of the tip credit to offset any deficiencies in his receipt of the federal minimum wage arising from under-reimbursement of his vehicle expenses as a result of Defendants' alleged unreasonable approximation of his actual expenses.

2017 U.S. Dist. LEXIS 138380, at *14-15.

*Sullivan* likewise recently granted summary judgment for the plaintiff pizza delivery driver based on its conclusion that "[t]o the extent that Defendants may subsequently argue that the amount of tips—in excess of the amount of (1) cash wage and (2) tip credit paid—can be used in a *post hoc* fashion to offset Sullivan's vehicle costs so that a minimum wage violation does not occur, that argument is foreclosed by § 203(m) and DOL regulations." 2018 U.S. Dist. LEXIS 143246, at *67. *Sullivan* further reasons that "[t]he purpose of the tip credit reporting requirements is at least partially to ensure that Defendants 'go on the record' with the amount of cash wages, tip

7

credit, and non-tip-credit tips. Employers cannot be allowed to retroactively increase or decrease the tip credit amount that counts towards their minimum wage compliance." *Id.*

As well, all other courts to consider the same tip issue in minimum wage claims have uniformly reached the same conclusion. *See, e.g., Martin v. Tango's Rest., Inc.*, 969 F.2d 1319, 1323 (1st Cir. 1992) ("[i]t may at first seem odd to award back pay against an employer, doubled by liquidated damages, where the employee has actually received and retained base wages and tips that together amply satisfy the minimum wage requirements" but that result was prescribed by Congress); *Lanzetta v. Florio's Enters.*, 763 F. Supp. 2d 615, 623 (S.D.N.Y. 2011) (refusing to consider employer's argument that tips provided employee minimum wage "ten times over"); *Chisolm v. Gravitas Rest. Ltd.*, 2008 U.S. Dist. LEXIS 28254, *10 n.12 (S.D. Tex. Mar. 25)*; *Bernal v. Vankar Enterpr.*, 579 F.Supp.2d 804, 808 n.25 (W.D Tex. 2008); *Chan v. Sung Yue Tung Corp.*, 2007 U.S. Dist. LEXIS 7770, *53-54 (S.D.N.Y. Feb. 1) (tips are gifts from customers, not wages); *Harrell v. Diamond A Entm't., Inc.*, 992 F. Supp. 1343, 1357-58 (M.D. Fla. 1997) (rejecting defendants' argument that employees who received as much as $1,000.00 per week in tips do not need minimum wage protection and holding that funds received from customers are tips, not wages); *Bonham v. The Cooper Cellar Corp.*, 476 F. Supp. 98, 102 (E.D. Tenn. 1979) (refusing to allow employer to credit tips against minimum wage absent tip credit "despite [the] plaintiff's admissions that their actual income, including tips, greatly exceeded the minimum wage for the relevant period" and finding violations because wages, without tips, were below minimum wage); *see also, e.g.*, *Reich v. Chez Robert*, 28 F.3d 401, 404 (3d Cir. 1994) (district court erred in crediting tips against FLSA minimum wage damages in a claim that unreimbursed job expenses caused minimum wage deficiencies).

8

The DOL adopted the same position in promulgating 29 C.F.R. § 531.60. In relevant part, that regulation provides that "[a]ny tips received by the employee in excess of the tip credit need not be included in the regular rate. *Such tips are not payments made by the employer to the employee as remuneration for employment within the meaning of the Act.*" *Id.* (emphasis added). This District recognizes that DOL regulations are entitled to deference. *See, e.g., Perry v. Bath & Body Works, LLC,* 993 F.Supp.2d 883, 897 n.4 (N.D. Ind. 2014) (citing *Chevron USA Inc. v. Natural Res. Defense Council, Inc.,* 467 U.S. 837, 843-44 (1984)); *see also, e.g., Gatto v. Mortg. Specialists of Ill., Inc.,* 442 F.Supp.2d 529, 540 (N.D. Ill. 2006) ("The court must defer to the DOL's regulations, as long as they represent a reasonable construction of the statute.") (citing *Chevron,* 467 U.S. at 844); *see also Caney Creek Coal Co. v. Satterfield,* 150 F.3d 568, 572 (6th Cir. 1998) ("Because … the DOL promulgated these regulations pursuant to a broad grant of congressional authority, see 30 U.S.C. § 936(a), we must uphold them so long as they reflect a permissible construction of the statute.").

### C. The Relevant Pleadings and Undisputed Facts Plausibly Show Minimum Wage Violations

Defendants' motion relies on the incorrect, and unsupported, legal conclusion that *all of the tips* received by Plaintiff are "wages" for purposes of satisfying Defendants' minimum wage obligations. *See, e.g.,* Doc. 14-1, at 2, ¶ 6 (counting all tips toward Plaintiff's net wage rate ($2,244.26 total tips received / 396.29 work hours = $5.66 tips received per hour + $7.00 per hour cash wage = $12.66 nominal wage rate). Thereby Defendants centrally rely on a gross misstatement of the law. Noticeably, Defendants wholly fail to identify any authority to support of their position. That is because none exists.

Here, it is undisputed that Defendants failed to claim a tip credit greater than $.25 per hour, which has been the exact difference between Plaintiffs' $7.00 per hour cash wage and the minimum

9

wage rate of $7.25 per hour. *See* https://www.dol.gov/general/topic/wages/minimumwage ($7.25 per hour federal minimum wage); https://www.in.gov/dol/files/Indiana2009MinimumWage.pdf ($7.25 per hour Indiana minimum wage). Therefore, Defendants are prohibited from claiming tips in excess of the amount of their $.25 per hour tip credit for purposes of determining whether Plaintiff's net wages satisfied the minimum wage requirements. *Sullivan, Perrin, McFarlin, Meetz, Cole.*

Modifying Defendants' calculations to comply with the actual law mathematically establishes that Plaintiff has more than sufficiently alleged minimum wage violations in every pay period for which Defendants have produced Plaintiffs' work time and pay records:

| Pay Period End[1] | Hours Worked[2] | Gross Pay[3] | Nominal Pay Rate[4] | Average Miles Driven Per Hour[5] | Under-Reimburse. Per Mile[6] | Total Under-Reimburse.[7] | Net Wage Rate[8] |
|---|---|---|---|---|---|---|---|
| 2/13/2018 | 11.77 | $58.26 | $7.25 | 15 | $0.285 | $4.28 | $2.98 |
| 2/27/2018 | 27.01 | $213.20 | $7.89 | 15 | $0.285 | $4.28 | $3.62 |
| 3/13/2018 | 20.47 | $101.33 | $7.25 | 15 | $0.285 | $4.28 | $2.98 |
| 3/27/2018 | 25.11 | $124.29 | $7.25 | 15 | $0.285 | $4.28 | $2.98 |
| 4/10/2018 | 31.19 | $154.39 | $7.25 | 15 | $0.285 | $4.28 | $2.98 |
| 4/24/2018 | 33.59 | $303.98 | $9.05 | 15 | $0.285 | $4.28 | $4.77 |
| 5/8/2018 | 28.19 | $197.33 | $7.25 | 15 | $0.285 | $4.28 | $2.98 |
| 5/22/2018 | 13.28 | $92.96 | $7.25 | 15 | $0.285 | $4.28 | $2.98 |
| 6/5/2018 | 28.26 | $197.82 | $7.25 | 15 | $0.285 | $4.28 | $2.98 |
| 6/19/2018 | 30.34 | $212.38 | $7.25 | 15 | $0.285 | $4.28 | $2.98 |
| 7/3/2018 | 22.39 | $156.73 | $7.25 | 15 | $0.285 | $4.28 | $2.98 |
| 7/17/2018 | 6.45 | $45.15 | $7.25 | 15 | $0.285 | $4.28 | $2.98 |
| 7/31/2018 | 30.62 | $214.34 | $7.25 | 15 | $0.285 | $4.28 | $2.98 |
| 8/14/2018 | 15.82 | $110.74 | $7.25 | 15 | $0.285 | $4.28 | $2.98 |
| 8/28/2018 | 19.28 | $134.96 | $7.25 | 15 | $0.285 | $4.28 | $2.98 |
| 9/11/2018 | 19.49 | $136.43 | $7.25 | 15 | $0.285 | $4.28 | $2.98 |
| 9/25/2018 | 33.03 | $231.21 | $7.25 | 15 | $0.285 | $4.28 | $2.98 |

[1] Doc. 14-2
[2] *Id.*
[3] *Id.*
[4] Gross pay (per Doc. 14-2) divided by hours worked (per Doc. 14-2).

[5] Compl. (Doc. 1), ¶¶ 25 (based on an average of 5 miles per delivery) & 27.
[6] *Id.*, ¶ 26 (based on an average of 5 miles per delivery)
[7] Miles driven per hour x under-reimbursement per hour.
[8] Nominal wage rate minus under-reimbursement per hour.

Performing the same calculations based on either 4 or 6 average miles per delivery will likewise mathematically demonstrate minimum wage violations.

Thus, clear minimum wage violations are shown in every pay period based on Defendants' own work time records, Defendants' own pay records, Plaintiffs' allegations about delivery mileage, Plaintiffs' allegations about vehicle costs, and correct application of the law. For such reasons, Defendants' motion to dismiss should be denied.

Finally, Defendants' argument that they complied with the requirements for the tip credit is merely a "red herring." At this stage, Plaintiff has not contested the validity of Defendants' tip credit. Moreover, Plaintiffs net wage rate calculations above, and his pleading, provide Defendants the full benefit of their admitted tip credit amount.

### IV.   CONCLUSION

Defendants' motion to dismiss should be denied as Defendants rely on a clear misstatement of applicable law in claiming that Plaintiff has failed to plead minimum wage violations.

Respectfully submitted,
s/ D. Matthew Haynie
**D. Matthew Haynie**
**FORESTER HAYNIE PLLC**
1701 N. Market Street, Suite 210
Dallas, Texas 75202
(214) 210-2100 phone
(214) 346-5909 fax
www.foresterhaynie.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

 A true and correct copy of the foregoing was served on Defendants' attorneys of record via the Court's electronic case filing system on the date reflected in the Court's electronic case filing records.

             s/ D. Matthew Haynie
             **D. Matthew Haynie**