UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| COREY RECHTORIS, individually and on behalf of similarly situated persons, ) ) ) Plaintiff, ) ) v. ) ) DOUGH MANAGEMENT, INC., d/b/a "Dominos ) Pizza" and JAMES GRONEMANN, individually ) ) Defendants. ) | CASE NO: 3:18-cv-708 |

**<u>DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS THE PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

NOW COME the Defendants, DOUGH MANAGEMENT, INC., d/b/a "DOMINOS PIZZA" and JAMES GRONEMANN, individually, by and through their attorneys, KEVIN W. DOHERTY and DOHERTY & PROGAR, LLC, and for their Reply Brief in Support of their Motion to Dismiss the Plaintiff's First Amended Complaint pursuant to Rule 12(b)(6) of the Rules of Civil Procedure state as follows:

**I.  THE PLAINTIFF REMAINS UNABLE TO ALLEGE A SINGLE WORKWEEK IN WHICH HIS WAGES FELL BELOW MINIMUM WAGE.**

The Plaintiff's Opposition Memorandum contains no factual allegation of "under-reimbursement" but rather makes unfounded assumptions regarding the Plaintiff's mileage driven in 2018 and also the amount at which he was "under-reimbursed."  He makes the excessive estimation that he drove 15 miles per hour without any basis.  Under this assumption, his miles driven between February and September of 2018 would have been nearly 6,000 (15 miles per hour x 396 hours worked).  The Plaintiff further claims in his Memorandum that based on his alleged miles driven he was consistently "under-reimbursed" at $4.28 per hour.

1

The Plaintiff has not alleged sufficient facts to support an action that he was paid less than minimum wage. He has not quantified his mileage driven while working for the Defendants nor presented any reasonable estimation of his vehicle expenses. With nothing more than self-serving estimations and unsupported assumptions, the Plaintiff stretches to claim that he was underpaid on account of his motor vehicle expenses reducing his wages.

The Earnings Record submitted by the Defendants as Exhibit A to their Motion to Dismiss shows clearly that the Plaintiff was paid an average of $12.66 per hour, taking into account his tips made, during his employment with the Defendants. Without waiving Defendants' argument against the Plaintiff's calculations, even if Plaintiff was under-reimbursed at the rate of $4.28 per hour, he was still regularly taking home in excess of $8 an hour. The Plaintiff has not alleged sufficient facts to show a single work week in which he was paid less than minimum wage.

The Seventh Circuit recently decided in favor of an employer in a claim by a group of flight attendants who claimed minimum wage violations despite not being able to show a single work week in which they were paid less than minimum wage. *Hirst v. Skywest*, U.S. Dist. 2018 WL 6519742. The flight attendants alleged minimum wage violations because they were only compensated for work done while in-flight and therefore were paid under minimum wage during the hours when they were not paid at all. *Id.* The court found that the plaintiffs still failed to show that during any work week they were paid less than the federal minimum wage since their wages during in-flight work more than made up for their work on the ground. *Id.* In holding for the employer, the court stated the well-reasoned principle that "a plaintiff alleging a federal minimum age violation must provide sufficient factual context to raise a plausible inference there was at least one workweek in which he or she was underpaid." *Id.*

The same is true here. The Plaintiff cannot allege a single workweek in which he was paid less than minimum wage. As a result, the Plaintiff First Amended Complaint should fail as a matter of law.

II. **THE PLAINTIFF THEREFORE DOES NOT HAVE STANDING TO BRING THIS ACTION**

The Plaintiff in this case remains unable to establish that he has standing to bring this action against the Defendants. In the Plaintiff's Opposition Memorandum, he claims generally that the Defendants' reimbursement policy caused his hourly wage to fall below the federal minimum wage threshold of $7.25. Even though the Plaintiff earned well in excess of the federal minimum wage in tips, (Ex. A of Defendants' Motion to Dismiss), he claims that the Defendants cannot be given the benefit of a tip credit in excess of $7.25 since they did not notify the Plaintiff in advance that they intended to do so.

The Plaintiff also states in his response that the Defendants were required to inform him that he would be compensated at a rate higher than $7.25 an hour on account of his hourly cash wages plus tips and that in the event his tips did not reach the higher rate, they would make up the difference. The result of the Defendants so notifying the Plaintiff in advance would have put him in no different a position from where he is today. Whether or not the Defendants notified the Plaintiff in advance of their intent to claim a higher tip credit, his average total wages plus tips were $12.66 per hour and still in excess of $8.00 an hour even after factoring in the Plaintiff's calculated vehicle expenses.

"Standing is a threshold question in every case; '[i]f a party lacks standing to bring a matter before the court, the court lacks jurisdiction to decide the merits of the underlying case.'" *Cavallaro v. UMass Memorial Health Care, Inc.,* 971 F.Supp.2d 139, 145 (D. Mass. 2013). (citing *United States v. AVX Corp.,* 962 F.2d 108, 113 (1st Cir. 1992). The seminal case on standing,

*Lujan v. Defenders of Wildlife* makes clear that a plaintiff must be able to show (1) an injury-in-fact; (2) that the injury is traceable to the challenged action of the defendant; and (3) it is likely that the injury would be redressed by a favorable decision. *Lujan,* 504 U.S. 555, 560 (1992). The Plaintiff's case should fail at this stage because no injury-in-fact has been alleged. The Supreme Court in *Lujan* stated that the injury-in-fact must be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.*

Assuming a scenario where the Defendants committed no violation as alleged by the Plaintiff, he still would have taken home the same amount of his cash wages plus tips. It cannot be genuinely argued that the Plaintiff has suffered any "actual" injury when his result is the same even if no alleged minimum wage violation had taken place. Moreover, because no actual injury occurred, it logically follows that no alleged injury can be reasonably traced to the Defendants nor could this court be capable of redressing any injury.

If the Plaintiff were awarded his claimed difference between his wages after payment of vehicle expenses and the federal minimum wage, the result would be a windfall for an individual who is claiming minimum wage violations despite earning more than $12 an hour. There is nothing to be redressed by this court because there has been no injury.

WHEREFORE, the Defendants, DOUGH MANAGEMENT, INC., d/b/a "DOMINOS PIZZA" and JAMES GRONEMANN, individually, by and through their attorneys, KEVIN W. DOHERTY and DOHERTY & PROGAR, LLC, move for an order of dismissal with prejudice of the Plaintiff's First Amended Complaint.

                                        Respectfully Submitted,
                                        DOUGH MANAGEMENT, INC.,
                                        d/b/a "DOMINO'S PIZZA" and
                                        JAMES GRONEMANN, individually

                                        By:    */s/ Kevin W. Doherty, Esq.*
                                                    Kevin W. Doherty, Esq.
                                                    One of their Attorneys

Kevin W. Doherty, Esq. (Atty. No. 3128844)
Michael R. Luchsinger, Esq. (Atty. No. 6311505)
DOHERTY & PROGAR, LLC
200 West Adams Street, Suite 2220
Chicago, IL 60606
(312) 630-9630
(312) 630-9001 (fax)
*Via e-mail:* kwd@doherty-progar.com
*Via e-mail:* mrl@doherty-progar.com