UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

COREY RECHTORIS,

                Plaintiff,

        v.                                                  CAUSE NO. 3:18CV708-PPS/MGG

DOUGH MANAGEMENT, INC.,
d/b/a "Domino's Pizza," and
JAMES GRONEMANN,

                Defendants.

OPINION AND ORDER

Plaintiff Corey Rechtoris delivers pizza for Domino's, and he claims that he was

ripped off by his employer's compensation scheme. It's a federal case because he is

claiming that his pay violates federal minimum wage law. In particular, he asserts that

when the expenses he incurs using his own vehicle to make deliveries are taken into

account, his actual pay falls below the minimum wage.  [DE 1 at ¶1.]  The lawsuit is

brought as a collective action under the Fair Labor Standards Act "to recover unpaid

minimum wages and overtime hours owed to [Rechtoris] and similarly situated

delivery drivers employed by Defendants at their Domino's Pizza stores." [*Id.* at ¶2.]

The defendants are Dough Management, Inc., a corporation that owns and operates a

number of Domino's Pizza franchises, and individual James Gronemann, who is alleged

to be "an owner, officer and director of Dough Management, Inc." and responsible for

the pay scheme and practices of the business.  [*Id.* at ¶¶5, 8, 9, 10.]

Defendants have filed a motion to dismiss the first amended complaint under

Fed.R.Civ.P. 12(b)(6). To survive the motion, the complaint must allege sufficient facts

to plead a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). What is odd about

defendants' motion is that, although it is brought pursuant to Rule 12(b)(6), it is

supported by affidavits and documents that are not mentioned in the complaint; this is

a no-no. A motion to dismiss is not the time to be arguing about the facts; it's the time to

test the legal sufficiency of the allegations made in the complaint, which are assumed to

be true.

The Seventh Circuit has recently applied the motion to dismiss standard to the

specific context of an FLSA minimum wage claim. "In order to comply with the

requirements of *Twombly, Iqbal*, and Fed.R.Civ.P. 8(a)(2), a plaintiff alleging a federal

minimum wage violation must provide sufficient factual context to raise a plausible

inference there was at least one workweek in which he or she was underpaid." *Hirst v.

Skywest, Inc.*, 910 F.3d 961, 966 (7th Cir. 2018), *petition for cert. filed* (U.S. Feb. 22, 2019)

(No. 18-1097). In the absence of such pleading, the Court of Appeals affirmed the

dismissal of an FLSA collective action claim by a group of flight attendants. *Id*. Notice

that the dismissal in *Hirst* was based on the insufficiency of the factual allegations in the

complaint, not because of some additional facts proffered by the defendant.

The FLSA requires that "Every employer shall pay to each of his employees who

in any workweek is engaged in commerce…not less than-- $7.25 an hour." 29 U.S.C.

§206(a)(1)(C). Federal labor regulations require that wages must be paid "free and

clear," meaning that job-related expenses primarily for the benefit of the employer (such as tools or uniforms) can't be charged to the employee if the expenses would drive the employee's pay below minimum wage. 29 C.F.R. §531.35. "The wage requirements of the Act will not be met where the employee 'kicks-back' directly or indirectly to the employer…the whole or part of the wage delivered to the employee." *Id.*

Rechtoris's claim focuses on defendants' per-delivery reimbursement for automobile expenses, which the complaint alleges was "$1.50 or less per delivery." [DE 12 at ¶25.] Rechtoris alleges generally that "Defendants have reimbursed delivery drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the federal minimum wage." [DE 12 at ¶47.]

The specific factual allegations concerning Rechtoris's pay and the impact of the allegedly insufficient auto expenses reimbursement are found in paragraphs 23-27 of the first amended complaint. Although a bit confusing, those paragraphs allege in sum that the auto expenses reimbursement of $1.50 per delivery represents at least $.16 per mile less than a reasonable approximation of the actual auto expenses (using the IRS business mileage reimbursement rate as the standard). *See* ¶¶25-26. When the cash wage plus tip credit merely equal the minimum wage, any reduction of that amount constitutes underpayment, and Rechtoris is alleging that these defendants never paid more than the minimum wage (in cash wage plus trip credit – *see ¶23*) and always under-reimbursed auto expenses, such that Rechtoris was always paid less than

minimum wage. These factual allegations raise a plausible inference that there was at least one workweek in which Rechtoris was underpaid.

Defendants' argument for dismissal is that Rechtoris "has suffered no economic injury based on unpaid federal minimum wages" and therefore "lacks standing to sue under the FLSA." [DE 14 at ¶¶2, 3.] Relying on employee earnings records they have provided, along with the affidavits of a store manager and assistant manager, defendants argue that when his actual reported tips are taken into account, Rechtoris's average hourly wage in 2018 was $12.66 per hour, well above the minimum hourly wage of $7.25. [DE 14-1 at ¶6.]

Rechtoris has responded to this argument with a "So, what?" He tells me that "[t]o date, *every* court to decide this issue has held that all tips above the amount of a lawfully-invoked and noticed tip credit do not count toward minimum net wage rate, do not count toward minimum wage compliance, and cannot offset minimum wage violations." [DE 15 at 1 (emphasis in original).] As a pizza delivery driver, Rechtoris is within the class of "tipped employees" for whom the FLSA allows employers to meet minimum wage requirements by paying less than the full minimum wage but relying on what is called a "tip credit," which is defined as "an additional amount on account of the tips received by such employee which amount is equal to the difference between" the cash wage and the minimum wage. 29 U.S.C. §203(m)(2)(a)(ii). But in order to benefit from the tip credit, an employer is required to disclose certain information to its employees, including the employer's declaration of the amount of the tip credit being claimed: "the additional amount by which the wages of the tipped employee are

4

increased on account of the tip credit claimed by the employer." 29 C.F.R. §531.59. The

regulations clearly indicate that actual tips received by a server or delivery driver above

what the employer has claimed in advance as a permissible tip credit don't count as

compensation toward meeting the minimum wage requirement: "[a]ny tips received by

the employee in excess of the tip credit…are not payments made by the employer to the

employee as remuneration for employment within the meaning of the Act." 29 C.F.R.

§531.60.

Rechtoris suggests that defendants' theory – that they can rely on actual tips to

cover any reduction of the total hourly wage due to an insufficient auto expenses

reimbursement – is in effect a retroactive increase in the amount of the tip credit, which

employers are not allowed to do. As noted above, several courts have held against

employers who have made a similar argument. Take, for example, *Sullivan v. PJ United,*

*Inc.*, __ F.3d __, 2018 WL 6220114, at *23 (N.D.Ala. July 19, 2018) where an Alabama

district court recently rejected a nearly identical argument by Papa John's franchisees:

"To the extent that Defendants may subsequently argue that the amount of tips – *in*

*excess* of the amount of (1) cash wage and (2) tip credit paid – can be used in a post hoc

fashion to offset Sullivan's vehicle costs so that a minimum wage violation does not

occur, that argument is foreclosed by §203(m) and DOL regulations." The decision

supports Rechtoris's argument that "[e]mployers cannot be allowed to retroactively

increase or decrease the tip credit amount that counts towards their minimum wage

compliance." *Id*.

The same view of the interrelationship among "the FLSA's tip credit, minimum

wage, and overtime provisions" is found in an Eastern District of Missouri decision also

involving Papa John's delivery: "Nothing in the DOL guidance documents, regulations,

or the FLSA permits Defendants to claim a higher tip credit retroactively, in order to

gain the benefit of an offset, without having notified Plaintiffs of the higher tip credit

(and the correspondingly higher rate of pay for overtime purposes)." *Perrin v. Papa

John's International, Inc.*, 114 F.Supp.3d 707, 729 (E.D.Mo. 2015). Other courts have

reached the same conclusion. *See*, *e.g., McFarlin v. Word Enterprises, LLC*, No. 16-cv-

12536, 2018 WL 1410827, at *4 (E.D.Mich. Mar. 21, 2018); *Meetz v. Wisconsin Hospitality

Group LLC,* No. 16-C-1313, 2017 WL 3736776, at *5 (E.D.Wis. Aug. 29, 2017).

In reply, defendants aptly demonstrate that they fully understand Rechtoris's

position, which they summarize as follows: "[H]e claims that the Defendants cannot be

given the benefit of a trip credit in excess of $7.25 since they did not notify the Plaintiff

in advance that they intended to do so," and that "Defendants were required to inform

him that he would be compensated at a rate higher than $7.25 an hour on account of his

hourly cash wages plus tips and that in the event his tips did not reach the higher rate,

they would make up the difference." [DE 18 at 3.] Rather than attempt a direct rebuttal

of these accurate and legally-supported claims, defendants attempt a sleight of hand,

arguing that if they had given notice in advance of an intent to claim a larger tip credit,

one large enough to cover the alleged deficiency of the auto expense reimbursement,

then Rechtoris's compensation would be unaffected, still averaging $12.66 per hour in

cash wages plus tips in 2018. [DE 18 at 3.] In other words, no harm, no foul. On this

reasoning, defendants assert that Rechtoris has no standing because he is unable to show an injury-in-fact. [*Id*. at 3-4.][1]

But Rechtoris's claim is obviously not that defendants should have claimed a larger tip credit. Instead, it's that defendants did not pay an adequate auto expenses reimbursement, and that their failure to do so resulted in a minimum wage violation. The economic injury Rechtoris claims is that he wasn't paid an adequate auto expense reimbursement. If he had been, then his take-home pay would have been larger, notwithstanding whatever tip credit defendants claimed. Defendants' arguments for dismissal are without merit.

ACCORDINGLY:

Defendants' Rule 12(b)(6) Motion to Dismiss the Plaintiff's First Amended Complaint [DE 14] is DENIED.

SO ORDERED on April 5, 2019.

___/s/ Philip P. Simon_____
JUDGE
UNITED STATES DISTRICT COURT

---

[1] This is an argument that goes to the subject matter jurisdiction of the court. Consequently, as it relates to this issue, I have considered the factual matter attached to the briefing by the defendants. This is permissible under Federal Rule of Civil Procedure Rule 12(b)(1), even though the defendants have brought the motion under Rule 12(b)(6).