UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

COREY RECHTORIS, individually and on
behalf of similarly situated persons,

    Plaintiff,

v.                               CAUSE NO. 3:18CV708-PPS/MGG

DOUGH MANAGEMENT, INC.,
d/b/a "Domino's pizza," and
JAMES GRONEMANN,

    Defendants.

## OPINION AND ORDER

Corey Rechtoris is a former delivery driver for a Domino's pizza franchise owned and operated by defendants Dough Management, Inc. and James Gronemann. Defendants own and operate a chain of 16 Domino's pizza stores in Indiana and Illinois. Corey Rechtoris worked for defendants as a pizza delivery driver from February 2018 to September 2018. On behalf of himself and other current and former delivery drivers, Rechtoris brings this lawsuit as a collective action under the Fair Labor Standards Act, alleging that, during a defined period of time, the defendants under-reimbursed delivery drivers' vehicle expenses, so that their net wages fell below the federal and state minimum wage rates. The litigation proceeded to defendants' disclosure of delivery data necessary for the evaluation of liability and damages. After plaintiff's counsel throughly reviewed and analyzed that data, the parties proceeded to mediation, which they engaged in for a full day on November 19, 2019 with an experienced wage and hour mediator in Chicago.

The result is the settlement agreement now before me on the parties' Consent Motion for (1) Certification of a Collective and Class Action for Settlement Purposes, (2) Approval of a Collective Action Settlement, (3) Preliminary Approval of a Class Action Settlement, (4) Approval of Notice to Putative Claimants, and (5) Scheduling a Hearing for Final Approval of the Parties' Class Action Settlement Agreement. [DE 37.] I have held two telephone conferences with counsel concerning the proposed settlement. The first, on February 6, addressed the parties' request to file settlement documents under seal. My review of the motion, the settlement agreement and the class notice subsequently filed yielded a number of questions and concerns. These prompted the second telephone conference on February 24, at which those questions and concerns were addressed. As a result of that conference, various amendments and corrections were made to the settlement documents, which have been filed on February 28, 2020 [DE 45] and on March 2, 2020 [DE 46].

I have carefully reviewed the agreement, and after the amendments and corrections the parties have made in response to my critique, I am satisfied that the agreement constitutes a fair and reasonable compromise of a *bona fide* dispute of both legal and factual issues, and that the proposed settlement fairly takes into account the potential value of the class claims, balanced against the risk, effort, expense and delay of further litigation and possible appeals.

The class is defined as all persons who worked for Dough Management, Inc. or Gronemann Pizza, Inc. at their Domino's pizza stores in Indiana and Illinois as delivery

drivers at any time during the Release Period.  The Release Period is defined as the period from January 1, 2017 through the date the court grants preliminary approval of the parties' settlement.  The proposed settlement would distribute to each class member who does not opt out at least a minimum payment, and a total payment reflecting the ratio of the class member's individual miles recorded making deliveries, divided by the aggregate of all class members' miles.  An additional service award is proposed to be paid to Corey Rechtoris for his service to the class in initiating the lawsuit and working with counsel to assist in prosecuting the case.  Plaintiff's counsel will receive an award of fees and litigation costs equal to one-third of the gross settlement amount.  The parties will jointly select a third-party settlement administrator, whose fees will be paid from the gross settlement amount.  A notice of the action and a claim form will be mailed to all putative class members, explaining the nature of the case and the settlement, and the recipient's options.  Each class member will have 60 days from the mailing of the notice to submit a claim form, choose to opt out, or file objections.

I find that the proposed class, which consists of approximately 900 current and former delivery drivers, meets the numerosity requirement of Rule 23(a)(1).  The commonality requirement of Rule 23(a)(2) is clearly met, as questions of law and fact concerning the adequacy of defendants' compensation scheme under minimum wage law are common to all members of the class.  The claims of Corey Rechtoris as representative of the class are typical, as required by Rule 23(a)(3), and he fairly and adequately represents the interests of the class, as required by Rule 23(a)(4).  The class

mechanism is appropriate because the common questions of law and fact predominate over any questions affecting only individual members of the class, and because the mechanism is a superior method of proceeding with the dispute in terms of fairness and efficiency, particularly in view of the manageable class size and the right of each class member to opt-out.

Similar considerations support the certification of a collective action for purposes of the FLSA. All members of the defined class performed the same job, and their similar claims arise from their performance of the same primary job duty of making food deliveries using their personal vehicles. The compensation of the class members was based on similarly hourly pay rates and based on similar delivery distances. The legal theories for recovery of damages are the same for all members of the class.

Based on my consideration of the parties' detailed and comprehensive motion, and my discussion with counsel at both telephonic conferences, I am persuaded to grant preliminary approval to the proposed settlement. I conclude that the terms the parties have reached, and now propose to the court, adequately and reasonably reflect the balance of all relevant considerations. These include the strength of the plaintiffs' claims, the length, expense, and risks of the litigation if it continues in lieu of settlement, the opinions of experienced, competent counsel that settlement on these terms is appropriate, and the stage of the proceedings including the discovery completed. I am persuaded that the proposed settlement is the result of arm's-length negotiations, undertaken by counsel in good faith, and that the value of this more immediate

recovery by the class members outweighs the risks associated with the possibility of further relief at the end of protracted and expensive litigation.

The attorney's fee proposed and agreed by the parties is reasonable. The settlement agreement contemplates a fee award equal to one-third of the total settlement amount, a percentage well within the range typically charged by counsel as a contingency fee in such cases. An award of this magnitude is supported by a number of factors, including: the time, skill and labor required; the novelty and difficulty of the legal questions posed by the theories of relief; the experience, reputation and ability of plaintiff's counsel; the amount involved and the results obtained; and the similar attorney fees awarded in many similar cases.

Finally, an incentive award to the named plaintiff is reasonable and appropriate. Corey Rechtoris has substantially assisted the class in obtaining the recovery represented by the settlement. He sought and retained experienced counsel, initiated the lawsuit, and provided assistance and information necessary to prosecute the action. Defendants do not oppose the relatively modest service award that is proposed in the settlement agreement.

**ACCORDINGLY, upon careful consideration of all the above:**

The Consent Motion for (1) Certification of a Collective and Class Action for Settlement Purposes, (2) Approval of a Collective Action Settlement, (3) Preliminary Approval of a Class Action Settlement, (4) Approval of Notice to Putative Claimants, and (5) Scheduling a Hearing for Final Approval of the Parties' Class Action Settlement

Agreement [DE 37] is GRANTED, based on the latest amended versions of the Settlement and Release Agreement [DE 45], Notice of Class and Collective Action Settlement [DE 46 at 2-11], and Settlement Claim Form [DE 46 at 12].

The parties are authorized to send the approved notice of the settlement to the following class, which is certified pursuant to Fed.R.Civ.P. 23 and §216(b) of the Fair Labor Standards Act for settlement purposes as follows:

> All persons who worked for Dough Management, Inc. or Gronemann Pizza, Inc. at their Domino's pizza stores in Indiana and Illinois as delivery drivers at any time during the Release Period. The Release Period is defined as the period from January 1, 2017 through the date of this order granting preliminary approval of the parties' settlement.

Notice shall be sent pursuant to the procedure set forth in the parties' Settlement and Release Agreement ("Agreement").

The Court approves the latest proposed Notice of Class Action Settlement [DE 46 at 2-11] and proposed Claim Form [DE 46 at 12].

The Court authorizes a third-party Settlement Claims Administrator, as agreed to by the parties pursuant to the terms of the proposed Agreement, to send notices to all Delivery Drivers, containing the Court's approved Notice, Claim Form, and a postage paid return envelope addressed to the Settlement Claims Administrator pursuant to the terms of the Agreement.

The Court approves the proposed schedule and procedure for the final approval of the proposed Agreement, and orders that the final approval hearing will be held (as previously established) on **July 9, 2020, at 11:00 a.m. Eastern time, in the South Bend**

**Courthouse**.  Prior to the hearing, the parties shall file and brief a motion for final approval of the settlement, as required in ¶43 of the Agreement, as well as provide the Court with a proposed agreed order and judgment.

**SO ORDERED.**

**ENTERED: March 3, 2020.**

                                        **/s/ Philip P. Simon**
                                        **PHILIP P. SIMON, JUDGE**
                                        **UNITED STATES DISTRICT COURT**